MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MANUEL MEJIA MENDEZ, *individually and on behalf of others similarly situated,*

                    *Plaintiff,*

            -against-

BAR PIZZERIA RESTAURANT PRIMERA LTD.(d/b/a VINICIO'S RESTAURANT), BANTE CORPORATION (d/b/a VINICIO'S RESTAURANT ), TEOFILO VENICIO MENDEZ, And GLORIA DOE,

                    *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Manuel Mejia Mendez ("Plaintiff Mejia" or "Mr. Mejia"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace Esq., upon his knowledge and belief, and as against Primera Pizzeria LTD.(d/b/a Vinicio's Restaurant), Bante Corporation (d/b/a Vinicio's Restaurant), ("Defendant Corporations"), Teofilo Venicio Mendez, and Gloria Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

       1.    Plaintiff Mejia is a former employee of Defendants Primera Pizzeria LTD.( d/b/a Vinicio's Restaurant), Bante Corporation (d/b/a Vinicio's Restaurant), Teofilo Venicio Mendez and Gloria Doe.

2.	Defendants own, operate, or control a bar/pizzeria/restaurant , located at 40-21 108th Street, Queens, New York 11368 under the name Vinicio's Restaurant.

3.	Upon information and belief, individual Defendants Teofilo Vinicio Mendez, and Gloria Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the bar/pizzeria/restaurant as a joint or unified enterprise.

4.	Plaintiff Mejia was an employee of Defendants.

5.	Plaintiff Mejia was employed as a delivery worker at the bar/pizzeria/restaurant located at 40-21 108th Street, Queens, New York 11368.

6.	Plaintiff Mejia was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing food, sweeping and mopping the floor, cleaning the bathroom and the restaurant, washing dishes, stocking deliveries and helping in the kitchen (hereafter the "non-tipped duties").

7.	At all times relevant to this Complaint, Plaintiff Mejia worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation, for the hours that he worked.

8.	Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Mejia appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.	Defendants employed and accounted for Plaintiff Mejia as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10. Regardless, at all relevant times, Defendants paid Plaintiff Mejia at a rate that was lower than the required tip-credit rate.

11. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Mejia's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Mejia's actual duties in payroll records by designating them as a delivery worker instead of non-tipped employees. This allowed Defendants to pay Plaintiff Mejia the lower tip-credit rate (which they still failed to do).

13. Defendants' conduct extended beyond Plaintiff Mejia to all other similarly situated employees.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mejia and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15. Plaintiff Mejia now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16. Plaintiff Mejia seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Mejia's state law claims under 28 U.S.C. § 1367(a).

18. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bar/pizzeria/restaurant located in this district. Further, Plaintiff Mejia was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19. Plaintiff Manuel Mejia Mendez ("Plaintiff Mejia" or "Mr. Mejia") is an adult individual residing in Queens County, New York.

20. Plaintiff Mejia was employed by Defendants at Venicio's from approximately October 2019 until on or about November 2024; however, for purposes of this lawsuit, the relevant period is from October 2019 until on or about April 2022.

21. Plaintiff Mejia consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22. At all relevant times, Defendants owned, operated, or controlled a bar/pizzeria/restaurant , located at 40-21 108th Street, Queens, New York 11368 under the name Vinicio's Restaurant.

- 5 -

23. Upon information and belief, Primera Pizzeria LTD.( d/b/a Vinicio's Restaurant) is a domestic Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 40-21 108th Street, Queens, New York 11368.

24. Upon information and belief, Bante Corporation (d/b/a Vinicio's Restaurant) is a domestic Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 40-21 108th Street, Queens, New York 11368.

25. Defendant Teofilo Venicio Mendez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Teofilo Venicio Mendez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Teofilo Venicio Mendez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Mejia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26. Defendant Gloria Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gloria Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Gloria Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Mejia, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

# FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27. Defendants operate a bar/pizzeria/restaurant located in the Corona section of Queens in New York City.

28. Individual Defendants, Teofilo Venicio Mendez, and Gloria Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

29. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Each Defendant possessed substantial control over Plaintiff Mejia's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mejia, and all similarly situated individuals, referred to herein.

31. Defendants jointly employed Plaintiff Mejia (and all similarly situated employees) and are Plaintiff Mejia's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff Mejia and/or similarly situated individuals.

33. Upon information and belief, Individual Defendants Teofilo Venicio Mendez, And GLORIA DOE operate Defendant Corporations as either alter egos of themselves and/or fail to

operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporations for their own benefit and maintaining control over these Corporations as closed Corporations,

    f) intermingling assets and debts of their own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiff Mejia's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Mejia, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Mejia's services.

35. In each year from 2019 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bar/pizzeria/restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37. Plaintiff Mejia is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

38. Plaintiff Mejia seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Manuel Mejia Mendez*

39. Plaintiff Mejia was employed by Defendants from approximately October 2019 until on or about November 2024; however, for purposes of this lawsuit, the relevant period is from October 2019 until on or about April 2022.

40. Defendants ostensibly employed Plaintiff Mejia as a delivery worker.

41. However, Plaintiff Mejia was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42. Although Plaintiff Mejia ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43. Plaintiff Mejia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44. Plaintiff Mejia's work duties required neither discretion nor independent judgment.

45. Throughout his employment with Defendants, Plaintiff Mejia regularly worked in excess of 40 hours per week.

46. From approximately October 2019 until on or about April 2022, Plaintiff Mejia worked from approximately 7:00 p.m. until on or about 4:00 a.m., five days a week; in addition, Defendants required Plaintiff Mejia to arrive one hour prior to his scheduled start time and depart one hour after his scheduled departure time one day a week (typically 46 to 47 hours per week).

47. Throughout his employment, Defendants paid Plaintiff Mejia his wages in cash.

48. From approximately October 2019 until on or about April 2022, Defendants paid Plaintiff Mejia a fixed salary of $425.00 per week.

49. Plaintiff Mejia's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50. For example, Defendants required Plaintiff Mejia to work one hour prior to his scheduled start time or one hour past his scheduled departure time one day a week, and did not pay him for the additional time he worked.

51. Defendants never granted Plaintiff Mejia any breaks or meal periods of any kind.

52. Plaintiff Mejia was never notified by Defendants that his tips were being included as an offset for wages.

53. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Mejia's wages.

54. Plaintiff Mejia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mejia regarding overtime and wages under the FLSA and NYLL.

56. Defendants did not provide Plaintiff Mejia an accurate statement of wages, as required by NYLL 195(3).

57. Defendants did not give any notice to Plaintiff Mejia, in English and in Spanish (Plaintiff Mejia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58. Defendants required Plaintiff Mejia to purchase "tools of the trade" with his own funds—including one electric scooter.

*Defendants' General Employment Practices*

59. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mejia (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

60. Plaintiff Mejia was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61. Defendants' pay practices resulted in Plaintiff Mejia not receiving payment for all his hours worked, and resulting in Plaintiff Mejia's effective rate of pay falling below the required minimum wage rate.

62. Defendants habitually required Plaintiff Mejia to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

63. Defendants required all delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers. Plaintiff Mejia and all similarly situated

employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

64. Plaintiff Mejia and all other tipped workers were paid at a rate that was lower than the required tip-credit rate by Defendants.

65. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Mejia's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

66. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

67. Plaintiff Mejia's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general bar/pizzeria/restaurant work with duties, including the non-tipped duties described above.

68. In violation of federal and state law as codified above, Defendants classified Plaintiff Mejia and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

69. Defendants failed to inform Plaintiff Mejia who received tips that Defendants intended to take a deduction against Plaintiff Mejia's earned wages for tip income, as required by the NYLL before any deduction may be taken.

70. Defendants failed to inform Plaintiff Mejia who received tips, that his tips were being credited towards the payment of the minimum wage.

71. Defendants failed to maintain a record of tips earned by Plaintiff Mejia who worked as a delivery worker for the tips he received.

72. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

73. Plaintiff Mejia was paid his wages in cash.

74. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mejia (and similarly situated individuals) worked, and to avoid paying Plaintiff Mejia properly for his full hours worked.

76. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Mejia and other similarly situated former workers.

78. Defendants failed to provide Plaintiff Mejia and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79. Defendants failed to provide Plaintiff Mejia and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80. Plaintiff Mejia brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

81. At all relevant times, Plaintiff Mejia and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

82. The claims of Plaintiff Mejia stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83. Plaintiff Mejia repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff Mejia's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mejia (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87. Defendants failed to pay Plaintiff Mejia (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88. Defendants' failure to pay Plaintiff Mejia (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89. Plaintiff Mejia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90. Plaintiff Mejia repeats and realleges all paragraphs above as though fully set forth herein.

91. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Mejia (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92. Defendants' failure to pay Plaintiff Mejia (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93. Plaintiff Mejia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94. Plaintiff Mejia repeats and realleges all paragraphs above as though fully set forth herein.

95. At all times relevant to this action, Defendants were Plaintiff Mejia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Mejia, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

96. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Mejia less than the minimum wage.

97. Defendants' failure to pay Plaintiff Mejia the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98. Plaintiff Mejia was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

99. Plaintiff Mejia repeats and realleges all paragraphs above as though fully set forth herein.

100. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Mejia overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101. Defendants' failure to pay Plaintiff Mejia overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102. Plaintiff Mejia was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

103. Plaintiff Mejia repeats and realleges all paragraphs above as though fully set forth herein.

104. Defendants failed to provide Plaintiff Mejia with a written notice, in English and in Spanish (Plaintiff Mejia's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

105. Defendants are liable to Plaintiff Mejia in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

106. Plaintiff Mejia repeats and realleges all paragraphs above as though fully set forth herein.

107. With each payment of wages, Defendants failed to provide Plaintiff Mejia with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

108. Defendants are liable to Plaintiff Mejia in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

109. Plaintiff Mejia repeats and realleges all paragraphs above as though fully set forth herein.

110. Defendants required Plaintiff Mejia to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

111.   Plaintiff Mejia was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mejia respectfully requests that this Court enter judgment against Defendants by:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)   Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mejia and the FLSA Class members;

(c)   Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mejia and the FLSA Class members;

(d)   Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mejia's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)   Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Mejia and the FLSA Class members;

(f)   Awarding Plaintiff Mejia and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Mejia and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mejia;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mejia;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Mejia's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Mejia;

(l) Awarding Plaintiff Mejia damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, under the NYLL as applicable

(m) Awarding Plaintiff Mejia damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Mejia liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Mejia and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Mejia and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mejia demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 24, 2025

> MICHAEL FAILLACE ESQ.
>
> By: /s/ Michael Faillace
> Michael Faillace [MF-8436]
> 60 East 42nd Street, Suite 4510
> New York, New York 10165
> Telephone: (212) 317-1200
> Facsimile: (212) 317-1620
> *Attorneys for Plaintiff*